**SHERRILL v. PASCHAL, Collector of Internal Revenue.**

**No. 13561.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 8, 1948.

Frank J. Wills, of Little Rock, Ark. (John Sherrill and Howard Cockrill, both of Little Rock, Ark., on the brief), for appellant.

Harry Marselli, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., A. F. Prescott and Lester L. Gibson, Sp. Asst. to Atty. Gen., James T. Gooch, U. S. Atty., of Little Rock, Ark., and G. D. Walker, Asst. U. S. Atty., of Helena, Ark., on the brief), for appellee.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment for the defendant Collector of Internal Revenue in an action to recover income taxes for the year 1941. The case was tried to the court without a jury. The taxpayer claimed a deduction for a bad debt on her income tax return for the year 1941 in the amount of $7,517.37. The Commissioner disallowed the deduction and assessed a deficiency for $5,225.59 which was paid in 1944. A claim for refund in the amount of $2,440.69 based upon the disallowance was denied and this suit followed.

Section 23 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 23, provides:

"In computing net income there shall be allowed as deductions: * * *

"(k) (as amended by Sec. 113(a) of the Revenue Act of 1943, c. 63, 58 Stat. 35). Bad debts.

"(1) General rule. Debts which become worthless within the taxable year; * * *."

Treasury Regulations 103, Sec. 19.23(k)–1, provides that

"In determining whether a debt is worthless in whole or in part the Commissioner will consider all pertinent evidence including * * * the financial condition of the debtor. * * *

"Where the surrounding circumstances indicate that the debt is worthless and uncollectible and that legal action to enforce payment would in all probability not result in the satisfaction of execution on a judgment, a showing of these facts will be sufficient evidence of the worthlessness of the debt for the purpose of deduction. Bankruptcy is generally an indication of the worthlessness of at least a part of an unsecured and unpreferred debt. * * *"

Upon the trial the burden was upon the taxpayer to establish that the claimed deductible loss was sustained in the taxable year. Boehm v. Commissioner, 326 U.S. 287, 294, 66 S.Ct. 120, 90 L.Ed. 78, 166 A.L.R. 708, and, since the case was tried to the court without a jury, Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that "Findings of fact shall not be set aside [on appeal] unless clearly erroneous," is applicable.

Here the court found that the appellant failed to prove that the debt in question became worthless in the year 1941, and dismissed the complaint and entered judgment for the Collector. The only question for determination on this appeal is, therefore, whether the finding of the court is supported by substantial evidence

124

and is not contrary to law. Wilmington Trust Co. v. Helvering, Commissioner, 316 U.S. 164, 62 S.Ct. 984, 86 L.Ed. 1352.

The facts, stipulated or introduced in evidence by the taxpayer, are in summary as follows:

The debtor, one Gerald Gay, operated certain farm lands of the taxpayer as a tenant during the years 1929 and 1930. At the beginning of the tenancy she loaned Gay $10,334.94 to secure the payment of which he executed and delivered to her a chattel mortgage on certain personal property and his crops. 1929 and 1930 were depression years and the price of cotton, which appears to have been the crop upon which his success depended, dropped so low that he sustained such losses that he was unable to pay his obligations to the taxpayer. As a result of these circumstances he left the farm at the end of 1930. He turned over to taxpayer the mortgaged property and his crops, and made some payments so that the balance of his debt to her was $5,516.37.

When Gay left taxpayer's farm at the end of 1930 he moved upon his father's farm taking with him livestock and farm equipment not covered by Mrs. Sherrill's mortgage, of the value of about $3,000. Gay did not operate a farm during the years 1931 and 1932, but worked for the state of Arkansas. What became of the $3,000's worth of property which he took from taxpayer's farm does not appear.

In June, 1932, Mrs. Sherrill, the taxpayer here, filed suit in the state court to recover the indebtedness due her from Gay. In July of that year the parties compromised the amount of the claim for $9,000 for which Gay made and delivered to her his unsecured promissory note. Interest was not paid on the note; Mrs. Sherrill amended her complaint in the state court based upon the note, and on May 13, 1935, procured judgment for $11,076.64 with interest. The lien of this judgment was revived on May 16, 1938, and again on May 12, 1941. However, no payments were ever made on the judgment.

In 1932 and up to sometime in 1934 Gay was engaged in the mercantile business with his brother, but upon what terms or conditions does not appear.

In the winter of 1934 Gay developed tuberculosis and went to San Antonio, Texas, where he was in a hospital for about 30 days. He remained in Texas about a year after which he returned to his father's farm in Arkansas where he has since lived.

On May 15, 1935, Gay's father offered $200 for an assignment of the debt to him, which offer was declined. Again in November, 1935, Gay's father offered $500 in full satisfaction of all the notes and accounts of his son held by taxpayer. This offer was rejected and taxpayer's husband made a counter offer that he would recommend that his wife accept $1000 if it should be made; but the father replied that $500 was all he would obligate himself for.

On July 18, 1941, Gay was adjudged a voluntary bankrupt. On the previous day he had offered the taxpayer $250 in full settlement and it was rejected. He scheduled his assets as $75 and the debt to taxpayer as his only indebtedness.

The court found that taxpayer at no time procured the issuance or levy of a writ of execution based on the judgment in her favor procured against Gay in 1935; that there is no evidence tending to show that Gay's father was under any legal obligation to pay the debts of his son. There is no evidence showing the assets or the liabilities of the mercantile business operated by Gay and his brother in 1932, 1933 and 1934, or what became of that business.

The taxpayer's husband is a lawyer, and he acted as her agent in all matters relating to efforts to collect the indebtedness of Gay.

There is nothing to indicate that Gay owned any property after his illness in 1934 or after judgment was rendered against him in 1935.

There is no fixed or invariable rule to determine when a debt is deductible as worthless. But the Regulations, supra, provide that "Where the surrounding circumstances indicate that a debt is worthless and uncollectible and that legal action to enforce payment would in all probability not result in the satisfaction of execution on a judgment, a showing of these facts will be sufficient evidence of the worthlessness of the debt for the purpose of deduction." Considering the evidence here in connec-

tion with this rule the Commissioner was warranted in finding and holding that Gay's indebtedness became worthless prior to 1941; and the evidence amply supports the finding of the court that taxpayer failed to sustain the burden of proving that the debt did become worthless in 1941.

The judgment appealed from is affirmed.